IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:21-CV-195-FL

| | | |
|---|---|---|
| HARRIETTE E. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DENIS MCDONOUGH Secretary, U.S. Department of Veterans Affairs, | ) ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court upon defendant's motion to dismiss (DE 15) and for plaintiff's motion for extension of time and to amend (DE 19). Plaintiff responded in opposition to the motion to dismiss. In this posture, the issues raised are ripe for ruling. For the following reasons, defendant's motion is granted, and plaintiff's motion is granted in part and denied in part.

### STATEMENT OF THE CASE

Plaintiff commenced this employment discrimination action pro se on April 28, 2021, asserting claims against defendant, her former employer, arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII") and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 et seq. Plaintiff asserts that defendant discriminated against her in responding to her requests for FMLA benefits and due to her disability, and that defendant retaliated against her for filing complaints of discrimination. Plaintiff seeks a jury trial and other relief as may be appropriate, including injunctive relief, damages, costs and fees.

In the instant motion, defendant seeks dismissal of plaintiff's claim under the FMLA for lack of subject matter jurisdiction, and plaintiff's Title VII claim for failure to state a claim on which relief can be granted. Plaintiff responded in opposition to the motion, on September 8, 2021, requesting generally that the motion be denied. One week later, plaintiff filed the instant motion for extension of time and to amend, suggesting that she needs additional time to obtain counsel to file a response or an amended complaint.

### STATEMENT OF FACTS

The facts alleged in plaintiff's complaint may be summarized as follows. Plaintiff alleges she was employed by defendant as a medical support assistant, from February 2012 to July 2015, at Department of Veterans Affairs ("VA") medical facilities in Raleigh and Durham, North Carolina. (Compl. (DE 1) at 4-5). Plaintiff asserts she was subjected to discriminatory employment actions while working in or about November 2014, and June to October, 2015. (Id. at 5).

Plaintiff asserts that she was subjected to discriminatory harassment and adverse employment action, described as follows. On June 2, 2015, plaintiff presented a written request for FMLA leave to Kathy Lopez ("Lopez"), her supervisor, "due to substantial limitations (mental impairments) in performing assigned tasks due to medication and heightened stress levels." (Id. at 6). Lopez required plaintiff to resubmit the request on the requisite form, which plaintiff did the same day. About two weeks later, Lopez required plaintiff to resubmit the request on a different form completed by a physician.

In a conversation with Willette Yarbrough ("Yarbrough"), in the human resources department, Yarbrough allegedly stated "in a derogatory tone, that [plaintiff] should resign or

2

Case 5:21-cv-00195-FL   Document 20   Filed 11/15/21   Page 2 of 9

retire," and that defendant would not approve the requested leave unless plaintiff "applied for retirement." (Id.).

On June 25, 2015, plaintiff submitted a FMLA form completed by her physician. On July 7, 2015, Lopez alleged stated she would submit a leave without pay ("LWOP") form "up the chain." (Id. at 7). One day later, Lopez informed plaintiff that her "requests were disapproved and [plaintiff] would be placed in AWOL status and no LWOP would be done." (Id.). According to plaintiff, "[t]he delay and frustration caused by the haphazard handling of [her] request increased [her] level of anxiety and depression." (Id.). Subsequently, according to plaintiff:

> 7. On approx. July 10, 2015, after b[...]
> to OPM.
>
> 8. On approx. Jul 14, 2015 I receiv[...] effective Jun 29, 2015, but only int[...] predict when episodes would occu[...] not fit my condition. I explained th[...] Based on our conversation I thoug[...] the statement that my requests w[...]
>
> 9. On approx. Aug 10, 2015, I recei[...] approved for intermittent episode[...] doctor for clarification. We had re[...] Dept. and she again emphasized t[...] work.

(Id.).

Plaintiff alleges that, in the meantime, about August 7, 2015, she sent to Brice Watson ("Watson"), in human resources, a letter of clarification from plaintiff's physician. Plaintiff "though that it would have cleared up the problem," but "it seems that it was totally ignored." (Id.). Plaintiff alleges that she sent "a supervisor statement to Ms. Lopez for completion in conjunction with [her] retirement application and informed her of the status of the retirement application." (Id.). Thereafter, according to plaintiff:

3

12. Approx. Aug 13, 2015, I received a threatening letter from Ms. Lopez, stating that I was AWOL as of Aug 5, 2015, and that I had not made an appropriate leave request. Although I had received an approved LWOP form signed by herself and MS. Barker on Jul 6, 2015. By this time the whole scenario was confusing and appeared to be harassment.

13. Between Aug 13 – Sep 18, 2015, MS. Yarborough and Mr. Watson from the HR department continued to intimidate and harass me about the interpretation of my doctor's statement. So, I again conferred with my psychologist about the additional time needed to recuperate and she sent another letter to my job clarifying her statement. They continued to interfere and restrain the approval stating they needed permission to speak to my doctor (although I had already given them permission).

14. On Sep 18, 2015, Ms. Lopez told me that Ms. Yarborough or Mr. Watson wanted me to fill out another LWOP form. According to Ms. Yarborough, standard procedure is that LWOP is approved if someone indicates they are applying for retirement. I informed them in June and again in August that I had applied in July 2015. The only reasonable explanation for the behavior between Jun-Sep 2015 is that they wanted to put enough pressure on me to force me to retire. I consider the experience a form retaliation.

(Id.).

Plaintiff also alleges that, earlier in her employment, "Yarborough had delayed [her] request for reasonable accommodations for approximately one year prior to moving [her] closer to [her] home." (Id. at 6). "From time to time she . . . made offensive remarks in reference to [plaintiff's] disabilities[,] [s]tating that she did not think [plaintiff] had any disabilities." (Id.).

## COURT'S DISCUSSION

A. Standard of Review

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. Such motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). When a defendant raises a facial challenge to jurisdiction "that do[es] not dispute the jurisdictional facts alleged in the complaint," the court accepts "the facts of the complaint as true as [the court] would in context of a Rule 12(b)(6) challenge." Kenny v. Wilson, 885 F.3d 280, 287 (4th Cir. 2018).

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.  Analysis

   1.  FMLA

The FMLA excludes certain types of federal government employees from coverage for some of its enforcement provisions, including a private right of action. See 29 U.S.C. § 2611(2)(B)(i); see Mann v. Haigh, 120 F.3d 34, 37 (4th Cir. 1997) ("[E]mployees covered by Title II of the FMLA should not have a right to judicial review of their FMLA claims through the FMLA."). In particular, this exclusion applies to federal employees of agencies who are headed by a presidential appointee. See 29 U.S.C. § 2611(2)(B)(i); 5 U.S.C. §§ 2105, 6301(2), 6381(1).

Here, plaintiff alleges she was an employee of the VA, which is headed by defendant, who was appointed by the President. Thus, plaintiff's claim under the FMLA is dismissed for lack of subject matter jurisdiction.

5

Case 5:21-cv-00195-FL   Document 20   Filed 11/15/21   Page 5 of 9

2. Title VII

    a. Disability

Defendant moves to dismiss that part of plaintiff's Title VII claim premised upon disability discrimination. Title VII makes it an "unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Disability is not a basis for suit under Title VII. See id.

Here, plaintiff asserts in her complaint that defendant's conduct was discriminatory with respect to "disability," and she suggests that she was subjected to discrimination based on disability. (Compl. at 4, 6). In this part, plaintiff's claim under Title VII is not cognizable, and must be dismissed. As discussed further herein, the court allows plaintiff an extension of time to file a motion for leave to amend the complaint. It is conceivable that plaintiff may be able to assert an amended disability-based claim under the Americans with Disabilities Act, if supported by requisite additional facts and if statutory and jurisdictional pre-requisites for exhaustion of the same have been met. The court expresses herein, however, no opinion on the viability of such a claim.

    b. Retaliation

Plaintiff asserts that defendant retaliated against her for prior Equal Employment Opportunity activity, which retaliation plaintiff suggests constituted harassment, hostile work environment, and a forced retirement.

Title VII makes it unlawful for "an employer to discriminate against any of his employees . . . because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" pertaining to equal employment opportunities. 42 U.S.C. §

2003e-3(a). "This provision is sometimes referred to as the 'anti-retaliation' provision." Perkins v. Int'l Paper Co., 936 F.3d 196, 206 (4th Cir. 2019).

"In order to establish a hostile work environment claim, a claimant must demonstrate that the alleged conduct: 1) was unwelcome; 2) resulted because of . . . prior protected activity; 3) was sufficiently severe or pervasive to alter the conditions of her employment; and 4) was imputable to her employer." Pueschel v. Peters, 577 F.3d 558, 564–65 (4th Cir. 2009).[1] With respect to the second element, "a plaintiff must show that but for the employee's . . . protected activity, [she] would not have been the victim of the discrimination." Id. at 565.

"As for the third element, harassment is considered sufficiently severe or pervasive to alter the terms or conditions of the employment if a workplace is permeated with discriminatory intimidation, ridicule, and insult." Id. "Factors to be considered . . . include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Fox v. Gen. Motors Corp., 247 F.3d 169, 178 (4th Cir. 2001).

Here, in that part where plaintiff bases her retaliation claim on harassment and a hostile work environment, plaintiff has not alleged sufficient facts to permit an inference of "a workplace is permeated with discriminatory intimidation, ridicule, and insult." Pueschel, 577 F.3d at 564. Plaintiff has not alleged physically threatening or humiliating conduct, but rather offensive utterances, in the form of "offensive remarks in reference to [her] disabilities" or a response "in a derogatory tone." (Compl. (DE 1) at 6). While plaintiff asserts that delays, interference, and denials of leave without pay requests were a form of retaliation and harassment (see id. at 7),

---

[1] Unless otherwise specified, all citations in this order to published court opinions omit internal citations and quotations.

plaintiff's claim of harassment and hostile work environment fails as a matter of law where the conduct described is not sufficiently severe to meet the third element of such a claim.

In that part where plaintiff suggests she was forced to retire in retaliation for prior protected activity, plaintiff has not alleged facts meeting the second, causation, element of such a claim. Plaintiff asserts that she filed "formal complaints of discrimination," with dates of such complaints suggested to be in 2013 and 2015. (Id. at 6). Plaintiff, however, has not alleged any references by her supervisors to such complaints in denying her requests for leave without pay or suggesting an application for retirement. Plaintiff suggests that she "submitted a retirement package" to the office of personnel management "after being pressured by" Yarborough, who is alleged to be an assistant director of human resources. (Id. at 7). Plaintiff, however, does not allege whether or when this application was accepted or processed. (See id.). These allegations are insufficient to permit an inference that prior protected activity was a "but for" cause of plaintiff's retirement. Pueschel, 577 F.3d at 565.

In sum, plaintiff fails to allege sufficient facts to state a claim for retaliation based upon harassment, hostile work environment, or forced retirement. Therefore, plaintiff's claim must be dismissed without prejudice.

C.      Motion for Extension and To Amend

In her motion for extension of time and to amend, plaintiff suggests that she needs additional time to obtain counsel to file a response or an amended complaint. Where plaintiff's claims fail as a matter of law, and plaintiff has not suggested any basis for response or amendment, an extension of time for further response to defendant's instant motion to dismiss is not warranted. However, the court allows plaintiff a period of time, to January 3, 2022, to file a motion for leave to file an amended complaint, either after appearance by counsel or pro se.

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss (DE 15) is GRANTED and plaintiff's claims are DISMISSED WITHOUT PREJUDICE. Plaintiff's motion for extension of time and to amend (DE 19) is GRANTED IN PART AND DENIED IN PART on the terms set forth herein. In particular, the court allows plaintiff an extension of time to **January 3, 2022,** to file a motion for leave to amend the complaint, either after appearance by counsel or pro se. Any such motion must be accompanied by a proposed amended complaint. Further, the court notifies plaintiff that any proposed amended complaint will be considered plaintiff's proposed complaint in its entirety, and the court will not review plaintiff's prior filings to glean any misplaced claims. In the event plaintiff does not file a motion for leave to amend the complaint, the clerk is DIRECTED, without further order of this court, to close this case.

SO ORDERED, this the 15th day of November, 2021.

_____
LOUISE W. FLANAGAN
United States District Judge