IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:21-CV-195-FL

| | |
|---|---|
| HARRIETTE E. SMITH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DENIS MCDONOUGH Secretary, U.S. )<br>Department of Veterans Affairs, )<br>)<br>Defendant. ) | ORDER |

This matter is before the court upon defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (DE 27). In response, plaintiff filed a motion for leave to amend complaint (DE 32), which defendant opposes. In this posture the issues raised are ripe for ruling. For the following reasons, defendant's motion is granted and plaintiff's motion is denied.

## STATEMENT OF THE CASE

Plaintiff commenced this employment discrimination action pro se on April 28, 2021, and filed a first amended complaint with leave of court on February 2, 2022,[1] asserting claims against defendant, her former employer, arising under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 et seq.; the Americans with Disability Act of 1990 ("ADA") and the Rehabilitation Act of 1973, 29 U.S.C. § 794a ("Rehabilitation Act"); and Title VII of the Civil Rights Act of

---

[1] The court dismissed plaintiff's original complaint for lack of subject matter jurisdiction and for failure to state a claim, upon defendant's motion, allowing plaintiff leave to file an amended complaint. See Nov. 15, 2021, Order (DE 20) at 1-9.

1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"). Plaintiff asserts that defendant discriminated against her in responding to her requests for FMLA benefits and in failing to accommodate her disability, and that defendant retaliated against her for filing complaints of discrimination. Plaintiff seeks a jury trial and other relief as may be appropriate, including injunctive relief, damages, costs and fees.

In the instant motion, defendant seeks dismissal of plaintiff's claim under the FMLA for lack of subject matter jurisdiction, plaintiff's Rehabilitation Act claim for failure to exhaust administrative remedies, and plaintiff's Title VII claims for failure to state a claim on which relief can be granted. Plaintiff responded in opposition to the motion, on May 9, 2022, requesting generally that the motion be denied, and moving to file a second amended complaint with proposed amended allegations. Defendant opposes plaintiff's motion to amend on the basis of futility. Thereafter, following extensions of time to file a reply, plaintiff filed an additional proposed amended complaint with further amended allegations.

## STATEMENT OF FACTS

The facts alleged in plaintiff's first amended complaint may be summarized as follows. Plaintiff began employment with defendant, at a Department of Veterans Affairs ("VA") medical center in Durham, North Carolina in February 2012 as a medical support assistant. Plaintiff "received accolades from her supervisors and many patients regarding her superior performance." (Am. Compl. (DE 23) at 2-3 (¶2)).[2] Plaintiff alleges that she participated in Equal Employment Opportunity (EEO) activities, including through complaints of discrimination designated "2004-0558-2013101372, 2004-0558-2013103863, and 2004-0558-2015101066," at an unspecified time

---

[2] Where the first seven paragraph numbers of the amended complaint are repeated, the court in some instances cites to both page numbers and paragraph numbers.

prior to being subject to harassment and denials of FMLA requests in the time period 2013-2015. (Id. at 3 (¶3)).

Plaintiff made a "special accommodations request" in November 2013, due to a knee injury and anxiety. (Id. at 3 (¶6)). In January 2014, Angela Reddish ("Reddish"), a manager, "violently snatched the phone out of [plaintiff's] hand while plaintiff was talking to [a] union representative." (Am. Compl. ¶8). Allegedly "[d]ue to the stressful and hostile environment, [p]laintiff's first request for FMLA was approved for the time period between February and May 2014," although "coded as AWOL in the system (later changed)." (Id. ¶¶ 9-10).

In August 2014, plaintiff was "temporarily moved to a location . . . that did not accommodate her medical condition (medication that impaired driving abilities)." (Id. ¶11) Defendant allegedly "failed to provide teleworking or other accommodation as had been suggested by [p]laintiff." (Id.). In May 2015, plaintiff "applied for a position closer to her home, without any assistance" from human resources. (Id. ¶12). However, allegedly "[s]till experiencing the residual and psychological effects from the terrifying encounters with [defendant's human resources and managers], [p]laintiff's psychological therapist recommended to plaintiff and [human resources] a longer period of absence to recuperate." (Id. ¶13).

On June 2, 2015, plaintiff presented a written "request for FMLA" to Kathy Lopez ("Lopez"), her supervisor, and she resubmitted the request "on the department's FMLA form" on June 8, 2015, along with a recommendation from her therapist and psychologist "for extended absence to recuperate," on June 16, 2015. (Id. ¶¶14-15).

On June 22, 2015, a human resources director, "Ms. Yarborough" (first name not specified), allegedly "stated she would not approve the FLMA (second) unless [p]laintiff submit[ted] an application for retirement." (Id. ¶17). On July 10, 2015, allegedly "after being

3

pressured by Ms. Yarborough, [p]laintiff reluctantly applied for retirement so that [p]laintiff would not be continually harassed and threatened to be placed in AWOL status." (Id. ¶19).

On July 14, 2015, Lopez informed plaintiff that her "FMLA (second) was approved by Ms. Yarborough but only intermittently," even though plaintiff's psychologist and therapist stated "it would be unhealthy" for plaintiff to "return back to a stressful work environment." (Id. ¶20). According to the complaint, "[b]etween July 14, 2015 and the effective retirement [in January 2016], [p]laintiff was repeatedly harassed by Ms. Yarborough." (Id. ¶22). "Even after Ms. Yarborough repeatedly called [plaintiff's] doctor and therapist and clarification was given . . . "the approval of FMLA (continuous and not intermittently) as prescribed by [p]laintiff's medical professionals was denied." (Id.). Plaintiff was allegedly "forced to be in LWOP status until the retirement was approved approximately January 2016." (Id. ¶24).

## COURT'S DISCUSSION

A.  Standard of Review

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. Such motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). When a defendant raises a facial challenge to jurisdiction "that do[es] not dispute the jurisdictional facts alleged in the complaint," the court accepts "the facts of the complaint as true as [the court] would in context of a Rule 12(b)(6) challenge." Kenny v. Wilson, 885 F.3d 280, 287 (4th Cir. 2018).

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

4

"Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).[3]

B.  Analysis

    1.  FMLA

The FMLA excludes certain types of federal government employees from coverage for some of its enforcement provisions, including a private right of action. See 29 U.S.C. § 2611(2)(B)(i); see Mann v. Haigh, 120 F.3d 34, 37 (4th Cir. 1997) ("[E]mployees covered by Title II of the FMLA should not have a right to judicial review of their FMLA claims through the FMLA."). In particular, this exclusion applies to federal employees of agencies who are headed by a presidential appointee. See 29 U.S.C. § 2611(2)(B)(i); 5 U.S.C. §§ 2105, 6301(2), 6381(1).

Here, as the court previously determined in its November 15, 2021, order, plaintiff alleges she was an employee of the VA, which is headed by defendant, who was appointed by the President. Plaintiff provides no new allegations in her first amended complaint, or her proposed second amended complaint. Thus, plaintiff's claim under the FMLA is dismissed without prejudice for lack of subject matter jurisdiction. In addition, that part of plaintiff's motion to amend, where she seeks to advance an FMLA claim, is denied as futile. See Save Our Sound OBX, Inc. v. N. Carolina Dep't of Transportation, 914 F.3d 213, 228 (4th Cir. 2019) ("A proposed amendment is . . . futile if the claim it presents would not survive a motion to dismiss.").

---

[3] Internal citations and quotation marks are omitted from all citations unless otherwise specified.

2.     ADA and Rehabilitation Act

Defendant moves to dismiss plaintiff's claim under the Rehabilitation Act due to failure to exhaust administrative remedies in a timely manner.[4] An individual must exhaust administrative remedies prior to filing a lawsuit alleging discrimination under the Rehabilitation Act. See Stewart v. Iancu, 912 F.3d 693, 698 (4th Cir. 2019). "Rehabilitation Act claims must comply with the same administrative procedures that govern federal employee Title VII claims." Id. "The administrative remedies available for federal employees are significantly broader than the administrative remedies for employees in the private sector." Laber v. Harvey, 438 F.3d 404, 416 (4th Cir. 2006) (en banc). As one pre-requisite to filing suit, "[a]n aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). Then, an employee must file an administrative complaint with the agency, id. § 1614.106, and "[t]he allegations contained in the administrative [complaint] generally operate to limit the scope of any subsequent judicial complaint." Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 962–63 (4th Cir. 1996).

Here, according to the amended complaint, plaintiff made reasonable accommodation requests in 2013 and 2014, which allegedly were denied, or denied in part, in that time period.

---

[4]     In addition, plaintiff's ADA claim must be dismissed where the Rehabilitation Act provides the exclusive remedy for disability based employment discrimination claims against federal agencies. See Smith v. CSRA, 12 F.4th 396, 410 n.3 (4th Cir. 2021) ("To the extent that the district court references [plaintiff's] claims against [the federal agency] as violations of the ADA, we construe them as Rehabilitation Act claims.").

(Am. Compl. (DE 23) at 3-4). Plaintiff alleges, for example, that in response to a November 2013 request for "special accommodations," plaintiff was "temporarily moved" to a different work location, which "failed to provide teleworking or other accommodation as had been suggested." (Id. ¶11). She alleges that the "temporary location" accommodation lasted from August 2014 to May 2015, suggesting that at that point she moved to "a position closer to her home, without any assistance" from human resources. (Id.). Plaintiff, however, does not allege that she exhausted administrative remedies, by seeking EEO counseling within 45 days of the alleged failures to accommodate, in violation of the Rehabilitation Act. (See id. at 2, 4-5). Instead, she alleges in her EEO complaint that she made initial contact with the EEO counselor, on October 4, 2015. (See Compl., Ex. 4 (DE 1-4) at 1). Accordingly, plaintiff's claims based upon failure to accommodate in 2013 and 2014 are barred for failure to exhaust administrative remedies.

In plaintiff's motion to amend, and in her proposed second amended complaint,[5] plaintiff suggests that the "second written request for FMLA" that was made on June 2, 2015, and resubmitted on June 22, 2015, included a "special accommodation request" for purposes of her Rehabilitation Act claim. (Prop. 2nd Am. Compl. (DE 44) ¶¶ 41-43). As such, plaintiff appears to propose a claim in her motion to amend that defendant violated the Rehabilitation Act by failing to grant her a reasonable accommodation for her disability in response to her request made June 22, 2015. Such a proposed claim, however, is futile for several reasons.

First, plaintiff fails to allege exhaustion of administrative remedies for a claim based upon the alleged June 2015 accommodation request. Plaintiff suggests that her accommodation request was denied on July 14, 2015, because she was approved only for intermittent FMLA leave rather

---

[5] Plaintiff filed a proposed second amended complaint along with her motion to amend (See DE 32 and DE 33 at 1-13), and then she filed a further proposed amended complaint on November 10, 2022 (See DE 44). For purposes of the instant analysis of plaintiff's motion to amend, the court addresses together the allegations in plaintiff's proposed amended complaints set forth at DE 33 and DE 44.

7

than continuous leave. (Id. ¶ 47). She does not allege, however, that she sought EEO counseling for that denial within 45 days.

Second, plaintiff does not allege facts giving rise to a plausible inference that plaintiff "communicated to [the employer] a wish for accommodation of [her] disability," as opposed to a request for FMLA leave of absence. Parkinson v. Anne Arundel Med. Ctr., 79 F. App'x 602, 604 (4th Cir. 2003) (citing Ballard v. Rubin, 284 F.3d 957, 960–962 (8th Cir.2002)). Plaintiff alleges, for example, that she "presented a second written request for FMLA to her supervisor," June 8, 2015, and that she "submitted the requested change to the FMLA form" on June 25, 2015." (Prop. 2nd Am. Compl. (DE 44) ¶¶ 41, 45). She alleges she did not receive "FMLA continuous and not intermittent[]" leave. (Id. ¶ 49). These allegations do not permit an inference that plaintiff communicated disability accommodation request to defendant.

Third, plaintiff does not allege defendant improperly "refused to make such accommodations" with which plaintiff "could perform the essential functions of the position." Jacobs v. N.C. Admin. Office of the Courts, 780 F.3d 562, 579 (4th Cir. 2015). "Although employers must provide reasonable accommodation to assist disabled employees in performing the essential functions of their jobs, employers do not need to change a job's essential functions." Elledge v. Lowe's Home Centers, LLC, 979 F.3d 1004, 1013 (4th Cir. 2020). The "reasonable accommodation standard does not require an employer to abandon a legitimate and non-discriminatory [employment] policy." E.E.O.C. v. Sara Lee Corp., 237 F.3d 349, 353–54 (4th Cir. 2001). In addition, a plaintiff must allege the reasonable accommodation "would have enabled [her] to perform the essential functions of [her] position." Wilson v. Dollar Gen. Corp., 717 F.3d 337, 346 (4th Cir. 2013).

8

Here, plaintiff has not alleged that the suggested accommodation requested – a continuous, rather than intermittent, leave of absence – would have enabled plaintiff to perform the essential functions of her position as medical support assistant. Therefore, plaintiff's proposed amended claim for violation of the Rehabilitation Act based upon a failure to accommodate in July 2015, is futile. In sum, defendant's motion in that part seeking dismissal of plaintiff's ADA and Rehabilitation Act claims must be granted, and plaintiff's motion seeking to add a Rehabilitation Act claim must be denied.

2. Title VII

In the first amended complaint, plaintiff again asserts that defendant retaliated against her for prior EEO activity, which retaliation plaintiff suggests constituted harassment, hostile work environment, and a forced retirement. For the following reasons, plaintiff has not alleged facts giving rise to an inference of retaliation in violation of Title VII.

Title VII makes it unlawful for "an employer to discriminate against any of his employees . . . because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" pertaining to equal employment opportunities. 42 U.S.C. § 2003e-3(a). "This provision is sometimes referred to as the 'anti-retaliation' provision." Perkins v. Int'l Paper Co., 936 F.3d 196, 206 (4th Cir. 2019). "Three elements comprise a case for retaliation: . . . (1) that [plaintiff] engaged in a protected activity, (2) that her employer took an adverse action against her, and (3) that there was a causal link between the two events." Laurent-Workman v. Wormuth, 54 F.4th 201, 212 (4th Cir. 2022).

To state a claim for retaliatory harassment or hostile work environment, a plaintiff must allege conduct that "1) was unwelcome; 2) resulted because of . . . prior protected activity; 3) was sufficiently severe or pervasive to alter the conditions of her employment; and 4) was imputable

9

to her employer." Pueschel v. Peters, 577 F.3d 558, 564–65 (4th Cir. 2009). With respect to the second element, "a plaintiff must show that but for the employee's . . . protected activity, [she] would not have been the victim of the discrimination." Id. at 565.

"As for the third element, harassment is considered sufficiently severe or pervasive to alter the terms or conditions of the employment if a workplace is permeated with discriminatory intimidation, ridicule, and insult." Id. "Factors to be considered . . . include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Fox v. Gen. Motors Corp., 247 F.3d 169, 178 (4th Cir. 2001).

Here, in that part where plaintiff bases her retaliation claim on harassment and a hostile work environment, plaintiff has not alleged sufficient facts to permit an inference of harassment "sufficiently severe or pervasive to alter the terms or conditions of the employment." Pueschel, 577 F.3d at 565. While plaintiff suggests that delays, interference, and denials of FMLA were a form of retaliation and harassment (see, e.g., Am. Compl. pp. 4-6), such actions do not comprise communications "permeated with discriminatory intimidation, ridicule, and insult" as required to state a claim for harassment and hostile work environment. Pueschel, 577 F.3d at 565.

Likewise, although plaintiff alleges one incident in which Redish "violently snatched [a] phone out of [plaintiff's] hand while [p]laintiff was talking to a union representative" in January 2014, (Am. Compl. ¶8), plaintiff does not allege a high "frequency of . . . discriminatory conduct" or any other "physically threatening or humiliating" conduct sufficient to rise to the level of actionable adverse employment action. Fox, 247 F.3d at 178. Thus, plaintiff fails to allege retaliatory harassment or hostile work environment.

In that part where plaintiff suggests she was forced to retire in retaliation for prior protected activity, plaintiff again has not alleged facts meeting the second, causation, element of such a claim. Plaintiff alleges that she participated in EEO activities, through complaints of discrimination designated "2004-0558-2013101372, 2004-0558-2013103863, and 2004-0558-2015101066." (Am. Compl. 3 (¶ 3)). Plaintiff also alleges that harassment alleged to have begun in 2013 "started as a result of filing an EEO complaint" (Id. (¶ 5). Missing from the complaint, however, are any allegations linking the prior EEO activities with plaintiff's alleged forced retirement. Plaintiff does not allege, for example, that Lopez or Yarborough had knowledge of plaintiff's EEO complaints. Nor does plaintiff allege any communications with Lopez or Yarborough tying the suggestion of retirement to plaintiff's prior EEO activity. Rather, plaintiff alleges only that Yarborough "stated she would not approve the FMLA (second) unless [p]laintiff submit an application for retirement," without any reference to plaintiff's prior EEO complaints. (Am. Compl. 5 (¶ 17)). Accordingly, that part of defendant's motion seeking dismissal of plaintiff's Title VII retaliation claim must be granted.

Plaintiff suggests through her motion to amend, and in her proposed second amended complaint, that her alleged request for an accommodation and "complain[t] of disability discrimination" in June 2015 was a "protected activity" for which she was retaliated against through a forced retirement. (Prop. 2nd Am. Compl. (DE 44) ¶ 50). Amendment on the basis of this suggested claim, however, is futile for two reasons. First, the claim exceeds the scope of plaintiff's EEOC complaint, in which she claimed actions in "retaliation for filing a formal complaint of discrimination (ref: 2004-0558-2013101372, 2004-0558-2013103863, and 2004-0558-2015101066)." (DE 1-4 at 2).

Second, "for an employee's activity to constitute protected 'opposition,' she must show . . . that she reasonably believed that the employment action she opposed constituted a Title VII violation." Netter v. Barnes, 908 F.3d 932, 937 (4th Cir. 2018) (emphasis added). Because Title VII does not cover disability discrimination, nor require disability accommodations, see 42 U.S.C. § 2000e-2(a)(1), plaintiff has not alleged facts giving rise to a plausible inference of a protected activity under Title VII. See, e.g. Parker v. Children's Nat'l Med. Ctr., Inc., No. CV ELH-20-3523, 2021 WL 5840949, at *21 (D. Md. Dec. 9, 2021) ("[R]equests for accommodation are not protected activity" under Title VII).

In sum, plaintiff's claim for retaliation under Title VII fails as a matter of law, and her proposed amendments to this claim are futile. Therefore defendant's motion as to this claim must be granted and plaintiff's motion to amend must be denied.

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss (DE 27) is GRANTED and plaintiff's claims are DISMISSED in part for failure to state a claim and DISMISSED WITHOUT PREJUDICE in part for lack of subject matter jurisdiction, as set forth herein. Plaintiff's motion for leave to amend (DE 32) is DENIED as futile. The clerk is DIRECTED to close this case.

SO ORDERED, this the 21st day of March, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge